# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.

**CASE NO. 6:07-cr-54-JA-GJK**
**CASE NO. 6:07-cr-73-JA-EJK**

RICKY DOUGLAS HAYNES, JR.

---

## ORDER

Defendant Ricky Douglas Haynes, Jr. is currently serving a 240-month prison sentence, to be followed by eight years of supervised release.[1]  In 2007, Haynes pleaded guilty to five offenses, including a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), which relate to the possession and distribution of cocaine base (Count One). (Doc. 155). That is the only Count at issue in Haynes's Motion to Reduce Sentence Pursuant to the First Step Act of 2018 (Doc. 189), which the Court has reviewed. Additionally, the Court has considered the 18 U.S.C. § 3553(a) factors, the Probation Office's First Step Act of 2018 Memorandum (Doc. 192)—which includes the Presentence Investigation Report—Haynes's Response (Doc. 203), and pertinent law. The government

---

[1] To avoid unnecessary duplication, documents filed in both criminal cases—Case No. 6:07-cr-54-JA-GJK and 6:07-cr-73-JA-EJK—will be cited using the docket numbers in Case No. 6:07-cr-54-JA-GJK.

does not oppose Haynes's motion. For the reasons set forth below, Haynes's motion is granted.

## II.  Analysis

In relevant part, the Fair Sentencing Act of 2010 increased the amount of cocaine base required to trigger the higher penalties under § 841(b)(1)(B)(iii). See United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020) (citing the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010)). The First Step Act of 2018 made this section of the Fair Sentencing Act of 2010 retroactive, permitting courts to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . .were in effect at the time the covered offense was committed." Id. (quoting First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194 (2018)). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . ., that was committed before August 3, 2010." First Step Act of 2018 § 404(a). In Jones, the Eleventh Circuit clarified that the determination as to whether a movant has a "covered offense" is controlled by "the offense for which the district court imposed a sentence." 962 F.3d at 1300.

Applying the holding in Jones to this case, Count One is a covered offense. Therefore, having also considered the § 3553(a) factors, the Court will exercise its discretion to reduce Haynes's term of supervised release to six years as to Count One. See First Step Act § 404(c) (The court has discretion to decide

whether to reduce an eligible defendant's sentence because "[n]othing in [§ 404] shall be construed to require a court to reduce any sentence.").

## III.   Conclusion

Accordingly, Haynes's Motions to Reduce Sentence Pursuant to the First Step Act of 2018 (6:07-cr-54, Doc. 189; 6:07-cr-73, Doc. 154) are **GRANTED**. Amended judgments will be entered contemporaneously.

**DONE** and **ORDERED** in Orlando, Florida, on April 28, 2021.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
Counsel for Defendant
Ricky Douglas Haynes, Jr.